# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

No. 14-10577
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONNA JEAN CANNON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-36-4

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donna Jean Cannon was convicted of possessing stolen mail in violation of 18 U.S.C. § 1708. She was sentenced to 16 months of imprisonment and three years of supervised release. While on supervised release, Cannon tested positive for methamphetamine use; failed to attend scheduled substance abuse counseling, submit required urine samples, report to the probation office, and inform probation of a change in her residence; and impeded probation's ability

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to randomly check her residence for contraband.  The district court revoked her supervised release and sentenced her to 18 months of imprisonment.

Cannon appeals her 18-month sentence, arguing that it was unreasonable because it failed to account for her battle with drug addiction and her admission to having a drug problem.  Because Cannon failed to alert the district court to the specific alleged error she raises on appeal, we review for plain error only.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  To show plain error, Cannon must show a forfeited error that is clear or obvious and that affects her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, the court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Cannon fails to make the required showing, given that she pleaded true to violating the conditions of her release, her sentence fell within the statutory maximum sentence she could receive upon revocation of her supervised release, and the district court considered relevant 18 U.S.C. § 3553(a) factors appropriate to fashioning a revocation sentence.  *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *United States v. Whitelaw*, 580 F.3d 256, 261, 265 (5th Cir. 2009); 18 U.S.C. §§ 1708, 3583(e)(3).

AFFIRMED.